IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSERA, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>QUALCOMM, INC.; FREESCALE SEMICONDUCTOR, INC.; ATI TECHNOLOGIES, ULC,<br><br>    Defendants.<br>_____/ | No. C 12-692 CW<br><br>ORDER DENYING QUALCOMM, INC'S MOTION TO FILE UNDER SEAL (Docket No. 162) AND GRANTING STIPULATED ADMINISTRATIVE MOTION TO REMOVE INCORRECTLY FILED DOCUMENTS (Docket No. 164) |

    Defendant Qualcomm, Inc. seeks leave to file under seal its motion to strike Plaintiff Tessera, Inc.'s amended disclosure of asserted claims and infringement contentions and Exhibit A2 to the declaration of David L. Larson in support of its motion to strike.

    Because the public interest favors filing all court documents in the public record, any party seeking to file a document under seal must demonstrate good cause to do so. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. See Civil Local Rule 79-5(a). If a document has been designated as confidential by another party, that party must file a declaration establishing that the document is sealable. Civil Local Rule 79-5(d).

Qualcomm does not establish good cause to seal these documents. It has submitted a declaration stating only in general terms that these documents contain "proprietary," "highly sensitive" and "confidential information belonging to the defendants in this action," that they have been designated as 'Highly Confidential -- Attorneys' Eyes Only," and that "it is critical that these materials remain confidential and not be placed in the public file." Larson Decl. ¶ 3. However, Qualcomm does not establish with particularity the need to file these documents under seal. Further, while it appears that other Defendants may have designated the material as confidential, no other parties have filed declarations establishing that the documents are sealable.

Accordingly, Qualcomm's motion to seal is DENIED (Docket No. 162). Within four days of the date of this Order, Qualcomm shall withdraw its documents or file them in the public record, pursuant to Civil Local Rule 79-5(e) and General Order 62(4).

Plaintiff Tessera, Inc. and Defendants Qualcomm, Inc., Freescale Semiconductor, Inc. and ATI Technologies, ULC also jointly request that the Court remove Exhibits A1 and A2 to the Declaration of An P. Doan offered in support of Freescale's separate motion to strike Tessera's disclosure. See Docket Nos. 156-1, 156-2. The parties represent that Exhibits A1 and A2 to the Doan declaration contain confidential material and were filed inadvertently in the public docket. The parties have not requested to file these documents under seal.

The Court GRANTS the parties' motion to remove Exhibits A1 and A2 to the Doan declaration (Docket No. 164), strikes these

2

documents and directs the Clerk of the Court to remove Docket Nos. 156-1 and 156-2 from the public docket.

Because Exhibits A1 and A2 to the Doan declaration are no longer part of the record of this case, Freescale must re-file them if it continues to offer them in support of its motion to strike. Within three days of the date of this Order, Freescale shall file a motion to file these exhibits under seal. If Freescale fails to do so, the Court directs the Special Master not to consider these exhibits in resolving Freescale's motion to strike.

IT IS SO ORDERED.

Dated: 6/20/2012

CLAUDIA WILKEN
United States District Judge

CC: Honorable Charles A. Legge, Special Master