IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSERA, INC.,<br><br>      Plaintiff,<br><br>   v.<br><br>QUALCOMM, INC.; FREESCALE SEMICONDUCTOR, INC.; ATI TECHNOLOGIES, ULC,<br><br>      Defendants.<br>_____/ | No. C 12-692 CW<br><br>ORDER GRANTING IN PART AND DENYING IN PART QUALCOMM'S RENEWED MOTION TO FILE UNDER SEAL (Docket No. 176) |

    Defendant Qualcomm, Inc. seeks leave to file under seal an unredacted version of Exhibit A to its motion to strike Plaintiff Tessera, Inc.'s preliminary infringement contentions. Exhibit A contains Tessera's Amended Disclosure of Asserted Claims and Infringement Contention, including Appendices A, B and C and excerpts of Appendices D and E. Qualcomm represents that the excerpts of Appendices D and E contain material that it has designated as confidential, and the Amended Disclosure and Appendices A and B contain material that Tessera and Defendants Freescale Semiconductor, Inc. and ATI Technologies ULC have designated as confidential. Tessera, Qualcomm, Freescale, ATI and Advanced Micro Devices, Inc. (AMD), ATI's parent company, have submitted declarations in support of Qualcomm's motion to seal.

    Because the public interest favors filing all court documents in the public record, any party seeking to file a document under seal must demonstrate good cause to do so. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). This cannot be established simply by showing that the document is subject to a

protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal.  See Civil Local Rule 79-5(a).  If a document has been designated as confidential by another party, that party must file a declaration establishing that the document is sealable.  Civil Local Rule 79-5(d).

Qualcomm represents that the excerpts of Appendices D and E contain cross-sectional views of its accused product families, which depict the specific design and content of its chip packages.  Scott Decl. ¶ 5.  It states this information is highly proprietary and that disclosure of this information to its competitors could devalue these assets and hurts its ability to compete.  Id. at ¶ 6.  Having reviewed the contents of the excerpts of Appendices D and E, the Court finds that Qualcomm has established good cause to seal them.

Tessera, ATI, AMD and Freescale seek to seal portions of section eight of the Amended Disclosure.  Tessera states that this section contains confidential information about its licensing negotiations with prospective licensees and facts about the breadth of its licensing program and the number of Tessera licensees, and that disclosure of such information would hurt its ability to continue to license its technology successfully.  McDonald Decl. ¶¶ 4, 5.  ATI, AMD and Freescale represent that section eight contains confidential information regarding their discussions with Tessera about the patents-in-suit.  Chow Decl. ¶¶ 3, 5; Patrick Decl. ¶¶ 3, 5.  Having reviewed the relevant excerpt, the Court finds good cause to seal lines 7:6-20,

2

7:27-8:7, 8:11-9:1 and 9:2-15. The parties have not established good cause to seal lines 7:21-26 and 9:16-24, because these portions merely describe the holdings of this Court, the International Trade Commission and the Federal Circuit, which are public information.

Freescale, ATI and AMD also seek to seal portions of Appendices A and B, which list the product families and specific product model numbers that Tessera is accusing in this litigation. Freescale, ATI and AMD state that public disclosure of this information "could prejudice [them] relative to [their] competitors and others with whom [they] engage[] in business dealings." Chow Decl. ¶ 6; Patrick Decl. ¶ 5. Freescale, ATI and AMD do not explain how the identities of the accused products are confidential or how public disclosure thereof would in fact prejudice them. Accordingly, the Court finds that they have not established good cause to seal portions of these appendices.

Finally, Tessera seeks to seal Exhibit 3 to the Amended Disclosure, which contains the declaration of Kirk E. Flatow. McDonald Decl. ¶ 3. However, Qualcomm has not submitted this document as part of its exhibits in support of its motion to strike. Thus, Tessera's request is denied.

Accordingly, Qualcomm's motion to seal is GRANTED in part and DENIED in part (Docket No. 176). Within four days of the date of this Order, Qualcomm shall file an unredacted version of Exhibit A under seal and a redacted version in the public record. In the version filed in the public record, Qualcomm shall redact lines 7:6-20, 7:27-8:7, 8:11-9:1 and 9:2-15 of the Amended Disclosure

3

and the excerpts of Appendices D and E.  Qualcomm shall not redact Appendices A, B or C.

IT IS SO ORDERED.

Dated: July 11, 2012

CLAUDIA WILKEN
United States District Judge