IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TESSERA, INC.,                                    No. C 12-692 CW

     Plaintiff,                                ORDER GRANTING
                                                  MOTION TO SEAL
    v.                                            (Docket No. 194)

MOTOROLA, INC.; QUALCOMM, INC.;
FREESCALE SEMICONDUCTOR, INC.;
ATI TECHNOLOGIES, INC.; and ATI
TECHNOLOGIES ULC,

     Defendants.

_____/

Defendant Qualcomm, Inc. moves on behalf of itself, Freescale Semiconductor, Inc., Advanced Micro Devices, Inc., ATI Technologies ULC, Spansion, Inc., Spansion Technology, Inc., Spansion, LLC, STMicroelectronics, Inc., and STMicroelectronics N.V. to seal to Exhibit A to the Declaration of David H. Dolkas in support of their motion for partial summary judgment and portions of their memorandum of points and authorities that cite and quote from Exhibit A. Exhibit A contains a license agreement entered into by Tessera, Inc. and third-party Motorola, Inc. Tessera and Motorola Mobility LLC, previously a segment of Motorola, Inc. and successor-in-interest to the rights of Motorola, Inc. under the license agreement, have submitted declarations in support of the motion to seal. See Docket Nos. 196 and 197.

The parties seek to seal records connected to a dispositive motion. To establish that the documents are sealable, the party who has designated them as confidential "must overcome a strong presumption of access by showing that 'compelling reasons

supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted).  Cf. id. at 678 (explaining that a less stringent "good cause" standard is applied to sealed discovery documents attached to non-dispositive motions).  This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal.  Civil Local Rule 79-5(a).

Motorola Mobility attests that public disclosure of the license agreement would place it a competitive disadvantage in entering into future license agreements by providing others in the market with "information that they would otherwise not have about Motorola Mobility's licensing terms and practices that would provide" them with "a strategic negotiation advantage."  Miller Decl. ¶ 8.  It further attests that it operates in a "highly competitive market" and that public disclosure would give its competitors information about its licensing practices and "insight regarding costs associated with Motorola Mobility's products" that would grant the competitors a "strategic advantage in terms of competing against Motorola Mobility in the market."  Id. at ¶ 9.

Having reviewed Exhibit A and the memorandum of points and authorities, the Court concludes that Motorola Mobility has established that Exhibit A and the references thereto in the memorandum are sealable.  Accordingly, Qualcomm's motion to file under seal is GRANTED (Docket No. 194).  Within three days of the

United States District Court
For the Northern District of California

date of this Order, Qualcomm shall electronically file under seal
Exhibit A and the unredacted memorandum of points and authorities
and shall file the redacted memorandum in the public record.

IT IS SO ORDERED.

Dated:   8/10/2012

CLAUDIA WILKEN
United States District Judge