**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSERA, INC., | No. C 12-692 CW |
| Plaintiff, | ORDER ADOPTING SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTIONS TO STRIKE (Docket Nos. 155, 175) |
| v. | |
| MOTOROLA, INC.; QUALCOMM, INC.; FREESCALE SEMICONDUCTOR, INC.; and ATI TECHNOLOGIES, ULC, | |
| Defendants. | |

Defendants Qualcomm, Inc. and Freescale Semiconductor, Inc. move to strike Plaintiff Tessera, Inc.'s amended disclosure of asserted claims and infringement contentions. Docket Nos. 155, 175.[1] The Special Master has filed a report, recommending that the motions be denied. Docket No. 1026 in Case No. 05-4063. Defendants object to the Special Master's report and recommendation. Having considered the papers filed by the parties, the Court OVERRULES Defendants' objections and ADOPTS the Special Master's report and recommendation.

Defendants contend that Tessera's infringement contentions are deficient because Tessera does not "identity how the displacement between the terminal and the contact (chip) incorporates what Tessera contends is the claimed movement." Objections, 2. However, as the Special Master points out, this goes beyond what Patent Local Rule 3-1(c) requires. This rule

---

[1] Defendant ATI Technologies ULC joined Freescale's motion to strike. After that joinder was filed, the Court granted Tessera and ATI's stipulation to dismiss the claims and counterclaims between them. Docket No. 269.

mandates that the party claiming patent infringement serve a "chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality." Patent Local Rule 3-1(c). Tessera has done this, which is enough for the purposes of its infringement contentions. See, e.g., Renesas Tech. Corp. v. Nanya Tech. Corp., 2005 WL 2000926, at *7 (N.D. Cal.) ("neither the Local Rules or the court's order require Renesas to provide values for the voltages and amplitude levels it identifies. It must only identify where these elements are found in the accused products--which it has done.").

Similarly, to the extent that Qualcomm argues that Tessera should have been required to disclose "Tessera's bases for alleging Qualcomm's knowledge of the Patents-in-Suit" under Patent Local Rule 3-1(d), Qualcomm seeks information that goes beyond the requirements of the local rules. Objections, 4. Local Rule 3-1(d) requires,

> For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

Thus, this rule does not require the party alleging indirect infringement to make allegations related to the knowledge of the accused infringer or identify why it believes the accused infringer knows about the patents-in-suit.

Finally, Defendants argue that the Special Master erred in finding that Tessera's use of representative diagrams and claim charts in its infringement contentions was proper. They contend

2

that Tessera's submission "does not, without more, satisfy Tessera's obligation to separately identify and provide claim charts for each Accused Instrumentality." Objections, 5. However, as the Special Master stated, "[r]epresentative models may be used where there is commonality among the elements." Report and Recommendation, 3. The Special Master then went on to explain how Tessera demonstrated that commonality existed among the accused products in the fundamental characteristics at issue here. Defendants have not argued or shown that this was incorrect.

    Accordingly, the Court OVERRULES Defendants' objections and ADOPTS the Special Master's recommendation to deny their motions to strike. This Order terminates Docket Nos. 155 and 175.

    IT IS SO ORDERED.

Dated: 8/13/2013

CLAUDIA WILKEN
United States District Judge