DAVID H. DOLKAS (SBN: 111080) ddolkas@mwe.com
DAVID L. LARSON (SBN: 112342) dlarson@mwe.com
TERRY W. AHEARN (SBN: 216543) tahearn@mwe.com
McDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA  94025-4004
Telephone: (650) 815 7400

Attorneys for Defendant and Counterclaimant
QUALCOMM INCORPORATED

GREGORY P. STONE (SBN 078329) gregory.stone@mto.com
TED G. DANE (SBN 143195) ted.dane@mto.com
ZACHARY M. BRIERS (SBN 287984) zachary.briers@mto.com
MUNGER, TOLLES & OLSON LLP
355 S. Grand Ave., 35th Fl.
Los Angeles, CA 90071-1560
Tel: (213) 683-9100

Attorneys for Plaintiff and Counterdefendant
TESSERA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TESSERA, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>MOTOROLA INC., QUALCOMM, INC., FREESCALE SEMICONDUCTOR INC., ATI TECHNOLOGIES INC., ATI TECHNOLOGIES ULC., et al.,<br><br>  Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO.  4:12-CV-00692-CW<br><br>JOINT STIPULATION OF QUALCOMM INCORPORATED AND TESSERA, INC.; [PROPOSED] ORDER |

STIPULATION

4:12-CV-00692 and Related Cases

21939231.1

WHEREAS Qualcomm CDMA Technologies Asia Pacific Pte. Ltd. ("QCTAP") is a wholly-owned, indirect subsidiary of Qualcomm Incorporated ("Qualcomm").

WHEREAS, on August 7, 2013, the Court issued an order granting Tessera, Inc.'s ("Tessera") motion for leave to amend its complaint to assert claims against QCTAP (Dkt. No. 280).

WHEREAS, on August 9, 2013, Tessera filed its Second Amended Complaint, which asserts claims against QCTAP for direct infringement, induced infringement, contributory infringement and willful infringement of U.S. Patent No. 5,852,326 ("the '326 patent") (Dkt. No. 283) (the "Claims").

WHEREAS Tessera's Second Amended Complaint also asserts claims against Qualcomm for direct infringement, induced infringement, contributory infringement, and willful infringement of the '326 patent (Dkt. No. 283).

WHEREAS Qualcomm and Tessera have agreed for purposes of this litigation that, to the extent any liability arises from commercial activity of QCTAP with respect to the accused products, and to the extent that QCTAP's liability is not wholly duplicative of Qualcomm's own liability, Qualcomm shall assume QCTAP's liability therefor and any portion of QCTAP's liability that is not wholly duplicative of Qualcomm's own liability, and judgment may be entered against Qualcomm thereon.

WHEREAS Qualcomm and Tessera further have agreed that, in exchange for the commitments made by Qualcomm in the foregoing paragraphs, this action shall be stayed against QCTAP, and, Tessera agrees not to pursue, against QCTAP, the claims alleged herein against QCTAP, either in this action or in any subsequent proceeding. The parties agree that either (i) once there is a judgment for or against Qualcomm, the Court shall enter such judgment pursuant to Rule 54(b), such judgment can be appealed notwithstanding any stay related to QCTAP, and once any such judgment has been satisfied, or all appeals therefrom have been exhausted, any stay related to QCTAP will be lifted and Tessera will dismiss the claims alleged herein against QCTAP with prejudice; or (ii) once there is a settlement of all claims between Tessera and

1 Qualcomm, any stay related to QCTAP will be lifted and Tessera will dismiss the claims alleged
2 herein against QCTAP with prejudice.

3     WHEREAS Qualcomm and Tessera further have agreed that, in consideration of the
4 commitments made by Qualcomm and Tessera in the foregoing paragraphs, Tessera will not
5 pursue its current claim against Qualcomm or QCTAP for willful infringement.

6     NOW THEREFORE, the Parties, by their undersigned attorneys, hereby stipulate that:

7     1.    This Stipulation is to be used in the instant action only and shall not be binding on
8 any party in any other administrative or judicial capacity.

9     2.    For purposes of this litigation, to the extent any liability arises from any
10 commercial activity of QCTAP with respect to the accused products, and to the extent that
11 QCTAP's liability is not wholly duplicative of Qualcomm's own liability, Qualcomm shall
12 assume QCTAP's liability therefor and any portion of QCTAP's liability that is not wholly
13 duplicative of Qualcomm's own liability, and judgment may be entered against Qualcomm
14 thereon.

15     3.    Qualcomm will not argue, or take any position in the present action, that it is not
16 liable for the commercial activity of QCTAP with respect to the accused products by virtue of the
17 fact that Qualcomm and QCTAP are distinct corporate entities.

18     4.    Other than documents produced by Qualcomm Bates numbered QTSD00000001,
19 QTSD00003363, and/or QTSD0008024, the documents produced by Qualcomm that reflect any
20 commercial activity of QCTAP are "authentic" as that term is used in FRE 901 and FRE 902, and
21 qualify as "business records" under FRE 803(6).  Neither Party will object to the admissibility of
22 these documents on the grounds that they are not "authentic" as that term is used in FRE 901 and
23 FRE 902; are not "duplicates" of the originals, as that term is used in FRE 1001(4) and 1003; or
24 do not constitute "business records" under FRE 803(6).

25     5.    In consideration of the commitments made by Qualcomm in the foregoing
26 paragraphs, this action shall be stayed against QCTAP, and, Tessera agrees not to pursue, against
27 QCTAP, the claims alleged herein against QCTAP, either in this action or in any subsequent
28 proceeding.  The parties agree that either (i) once there is a judgment for or against Qualcomm

the Court shall enter such judgment pursuant to Rule 54(b), such judgment can be appealed notwithstanding any stay related to QCTAP, and once any such judgment has been satisfied, or all appeals therefrom have been exhausted, any stay related to QCTAP will be lifted and Tessera will dismiss the claims alleged herein against QCTAP with prejudice; or (ii) once there is a settlement of all claims between Tessera and Qualcomm, any stay related to QCTAP will be lifted and Tessera will dismiss the claims alleged herein against QCTAP with prejudice.

6. Tessera will dismiss its claim for willful infringement of the '326 patent against Qualcomm and QCTAP within three days of the execution of this stipulation by all parties.

7. Tessera's dismissal of its claim for willful infringement of the '326 patent against Qualcomm shall not in any way affect any of its remaining claims against Qualcomm, including claims for direct infringement, induced infringement, or contributory infringement.

DATED: October 24, 2013    By: _____
Daniel Foster  *dfoster@mwe.com*
**McDermott Will & Emery, LLP**
275 Middlefield Road, Suite 100
Menlo Park, CA 94025-4004
Tel: (650) 815-8400
*Attorneys for Defendant Qualcomm Incorporated and QCTAP*

DATED: October 24, 2013    By: _____
Ted G. Dane  *ted.dane@mto.com*
**Munger, Tolles & Olson LLP**
355 S. Grand Ave., 35th Fl.
Los Angeles, CA 90071-1560
Tel: (213) 683-9100
Fax: (213) 687-3702

*Attorneys for Plaintiff and Counter-defendant Tessera, Inc.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 2/12/2014   _____

The Honorable Claudia Wilken

United States District Court Judge